1
2
3
4
5
6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8    FREDERICK DEON WORDLAW,              )
9                    Plaintiff,           )       Case No. 2:13-cv-00927-JCM-GWF
                                          )
10   vs.                                  )
                                          )              **ORDER**
11   DWIGHT NEVEN, *et al.*,              )
                                          )
12   _____Defendants. )

13          Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, submitted

14   a civil rights complaint pursuant to 42 U.S.C. § 1983 and the court has screened plaintiff's civil rights

15   complaint pursuant to 28 U.S.C. § 1915A.  In that order, the court dismissed claim 2 and the defendants

16   named therein after finding that the statute of limitations on the claim had expired.  Plaintiff now moves

17   the court to reconsider its order dismissing that claim (ECF No. 4).

18          As plaintiff provides no legal authority to support his right to seek reconsideration, the court

19   treats petitioner's motion as one made under Federal Rule of Civil Procedure 54(b), which allows courts

20   to revise "any order or other form of decision, however designated, which adjudicates fewer than all the

21   claims or the rights and liabilities of fewer than all the parties ... before the entry of judgment ...," and

22   as one calling for the court to exercise its inherent common-law authority  "to rescind an interlocutory

23   order over which it has jurisdiction ...."  *See* Fed. R. Civ. P. 54(b); *see also Los Angeles v. Santa Monica*

24   *Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).  This authority is discretionary and should only be

25   exercised where there is new evidence presented which is substantially different than that originally

26   before the court, where controlling authority has changed or where the decision was clearly erroneous

1   and a manifest unjust would result.  *U.S. v. Houser,* 804 F.2d 565, 567 (9th Cir. 1986).

2          Plaintiff argues that he could not have brought his claim earlier because he was obligated to

3   pursue it through both the prison grievance procedure and through a state court habeas action which

4   ultimately brought him relief in his efforts to have his good time credits restored.  He seeks equitable

5   tolling of the limitations period.

6          Count 2 of the complaint alleges that defendants Cox, Oliver Robinson and Neven violated

7   plaintiff's rights secured by the Fourteenth Amendment by acts described in paragraphs 1-32 of the

8   Nature of the Case section ("as though fully set forth herein, re-alleged").  Complaint, p. 5-A.  The facts

9   related to these three defendants and due process are summarized as follows:

10         On January 29, 2009, plaintiff was removed to administrative segregation pending an

11  investigation of possible disciplinary charges.  Plaintiff alleges that Sgt Oliver "abruptly concluded the

12  investigation" without establishing any facts and in spite of the directives of "A.R. 707 and/or [the]

13  Disciplinary Manual" and ignoring directives he received from AW Baca to investigate.  Plaintiff alleges

14  that instead Oliver drafted a notice of charges (NOC) based on opinion and assumptions, denying him

15  due process.

16         Defendant Robinson conducted the disciplinary hearing on March 3, 2009.  He reached a finding

17  of guilty without setting out any evidence in the record to support the finding.  At the conclusion of the

18  hearing, Robinson failed to make any statement of the evidence relied upon, despite being aware of the

19  requirement that he do so.  Plaintiff's appeal of the proceedings was denied by defendants Neven and

20  Cox.  Thereafter, in May, 2009, plaintiff filed a "petition with the District Court" challenging the loss

21  of good time credits.[1]  Although the district court denied relief, plaintiff alleges that the Nevada Supreme

22

23         [1] The court takes judicial notice of the docket of the Eighth Judicial District Court in plaintiff's state
    habeas petition referred in the complaint.  *See* Eighth Judicial District Court Register of Actions, Case No. A-09-

24  596574- W.  *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992)
    (federal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if

25  the proceedings directly relate to matters before the court).  The state habeas action was filed on May 21, 2009

26                                                                                                          (continued...)

1   Court reversed the decision and plaintiff ultimately "received a honorable discharged [sic] from parole

2   as a result of" the state courts' orders.

3           The procedural due process required in a prison disciplinary proceeding is outlined in the United

4   States Supreme Court decision *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Wolff* established that

5   prisoners in a disciplinary proceeding are entitled to "advance written notice of the claimed violation and

6   a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary

7   action taken." *Id.* at 563. There must be a 'written statement by the factfinders as to the evidence relied

8   on and reasons' for the disciplinary action. *Id.* at 564. Finally, prisoners should be allowed to call

9   witnesses and present documentary evidence in their defense when permitting them to do so will not

10  compromise unduly institutional safety or correctional goals. *Id.* at 566.

11          Based upon the allegations in the complaint, including the specific references to the procedures

12  that were not properly followed, the court construed this claim as one of denied procedural due process.

13  However, in reviewing plaintiff's arguments for reconsideration and in reviewing pertinent case law and

14  precedent related to the accrual of a procedural due process claim, the court is convinced that the true

15  nature of the claim being raised is not a denial of <u>procedural</u> due process, but rather, a denial of

16  substantive due process - a challenge to the fact of his "conviction" on the disciplinary charges and the

17  resultant loss of good time credits.

18          Where a § 1983 action alleges constitutional violations that would necessarily imply the

19  invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or

20  conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding.

21  *See Heck v. Humphrey,* 512 U.S. 477, 483-87 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997).

22  Where the claim is akin to one of malicious prosecution, one element of proof is that the criminal

23

24  ─────────────────

       [1](...continued)

25  under the name of Frederick D Wordlaw. The clerk shall be directed to correct the docket to reflect the correct
    spelling.

26

1  proceedings were concluded in plaintiff's favor.  *Heck,* 512 U.S. at 483-87; *see also Blueford v. Prunty,*

2  108 F.3d 251, 255 (9th Cir. 1997) (affirming dismissal without prejudice of claims relating to

3  disciplinary proceedings where good-time credits were involved). Giving the claim a liberal construction

4  allowed to pro se parties, the court concludes that the instant § 1983 allegations of procedural defects

5  are actually an attempt to challenge the substantive result of the disciplinary hearing.  As such, the

6  favorable termination rule of *Heck* applies, *Butterfield v. Bail,* 120 F.3d 1023, 1024-45 (9th Cir. 1997),

7  and the claim could not accrue until the state court proceedings were favorably terminated in 2012.

8  The statute of limitations as to count 2 of the complaint has not expired.  The motion for

9  consideration will be granted and the claim will be allowed to proceed against defendants Oliver,

10  Robinson, Cox and Neven.

11  **IT IS THEREFORE ORDERED** that the motion for reconsideration (ECF No. 4) is

12  **GRANTED.**  Count 2 of the complaint and defendants Robinson, Neven and Cox and the claim for

13  Denied Due Process (Count II) are hereby reinstated as defendants**.**  This action shall proceed on all

14  claims against all defendants.  All further directives set forth in the court's original screening order shall

15  remain in force.

16  **IT IS FURTHER ORDERED** that the spelling of plaintiff's surname shall be corrected on the

17  docket and on alL future pleadings to **WORDLAW**.

18  **IT IS SO ORDERED.**

19  DATED:  June 21, 2013.

20  _____

21  UNITED STATES DISTRICT JUDGE

22

23

24

25

26

4