UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Frederick Deon Wordlaw,<br><br>  Plaintiff,<br><br>  v.<br><br>Dwight Neven, et al.,<br><br>  Defendants. | Case No.: 2:13-cv-927-JAD-GWF<br><br>**Order Granting Defendants' Unopposed Motion to Dismiss**<br>**[Doc. 22]** |

Plaintiff Frederick Deon Wordlaw, a former inmate at High Desert State Prison, sues Defendants Dwight W. Neven, James "Greg" Cox, and Ronald Oliver for conducting an allegedly "bogus" disciplinary investigation that led to Wordlaw's placement in administrative segregation and loss of 190 days of statutory good time credit. *See* Doc. 3 at 11-14. Although his good time credit was ultimately restored by the Department of Corrections, Wordlaw claims to have spent 180 days or more in unlawful confinement due to the disciplinary hearing the findings from the "bogus" investigation. *See id.* Wordlaw asserts a First Amendment retaliation claim and a substantive due process claim. *See* Docs. 2, 5.

On December 12, 2013, Defendants moved to dismiss both counts. Doc. 22. They argue that (1) Wordlaw failed to exhaust the prison grievance procedures available to him, rendering his claims jurisdictionally barred; (2) the two-year statute of limitations expired on Wordlaw's First Amendment retaliation claim five months before he pled it; and (3)

Wordlaw has not stated a substantive due process claim against the defendants because he has not alleged their personal participation and, regardless, these defendants enjoy qualified immunity from his claims. Doc. 22.

Under Local Rule 7-2(b) Wordlaw—who is represented by counsel in this case—had 14 days to respond to Defendants' motion. In December, Wordlaw's counsel filed a successful, unopposed motion for an extra 15 days on the representation that he was awaiting return of a subpoena to the Nevada Department of Corrections that would produce documents needed to properly respond to the motion. Doc. 23 at 2; Doc. 24. On January 13, 2014, he moved for a second extension, explaining that NDOC had produced documents to him pursuant to subpoena but the disclosure came too late for him to draft a proper response to the motion to dismiss. Doc. 25 at 2. He asked for an extension of the deadline to February 12, 2014. *Id.* Defendants filed a response to this motion, stating that while they did not oppose the second continuance, because documents responsive to the subpoena had been mailed to Wordlaw's counsel on December 24, 2013, no further extensions should be granted. Doc. 26 at 2. The Court granted Wordlaw's second request but cautioned that "no additional extensions of this deadline will be permitted without a showing of extraordinary circumstances." Doc. 27. Thus, the deadline for Wordlaw's opposition—if any—to the motion to dismiss was set as February 12, 2014. Doc. 27.

That deadline passed more than 40 days ago without any opposition from Wordlaw. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Wordlaw's failure to file a response—despite having been granted two extensions of time to permit him to do so—constitutes his consent to the granting of the motion. L.R. 7-2(d). Having considered the arguments raised in Defendants' motion and having no benefit of an opposition, grants Defendants' motion to dismiss, and dismisses this action.

**Conclusion**

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **[Doc. 22] is GRANTED**; this action is dismissed.

DATED: March 25, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE